958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Ruben ZUNO-ARCE, Defendant-Appellee.
 No. 91-50351.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1992.
Decided March 27, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals from the district court's order granting defendant Ruben Zuno-Arce a new trial. We affirm and remand for a new trial.
 
 I. BACKGROUND
 
 3
 In 1985, Drug Enforcement Administration Special Agent Enrique Camarena-Salazar and Alfredo Zavala-Avelar, a cooperating witness, were kidnapped, tortured, and killed in Mexico. The United States claimed that an association of Mexican drug traffickers, politicians, and others were responsible for planning and carrying out the killings in order to protect their illicit drug operations.
 
 
 4
 Ruben Zuno-Arce was among those indicted. Evidence at his jury trial showed that the victims' bodies were first buried in La Primavera Park, a Mexican national park near Guadalajara. The bodies later were discovered in a field about sixty miles from Guadalajara.
 
 
 5
 Hector Cervantes-Santos was the government's main witness against Zuno-Arce. Cervantes testified that he was told "the bodies were there at La Primavera, and that they would have to be moved because it belonged to Don Ruben [Zuno-Arce], and that Don Ruben would be in trouble."
 
 
 6
 Zuno-Arce sought to rebut any inference from the testimony that he owned the land where the bodies were first buried by offering as evidence an aerial photograph to show that the land was a public park. The photograph, marked as Exhibit CC, is a color aerial photograph of the La Primavera area with park boundaries, town names, and other features superimposed over the photograph. Documentation accompanying the photograph showed that it was prepared by the Council of Forestry and Fauna of the State of Jalisco in 1980.
 
 
 7
 The district judge initially found that the exhibit was properly authenticated and was admissible as impeachment on a noncollateral matter. After hearing from counsel and reviewing the transcript of the relevant testimony, however, the district judge determined that Cervantes had referred to the town of La Primavera and not to the park. The district judge accordingly found that the exhibit "is not really necessary in my view and it is not received."
 
 
 8
 At closing argument, the government prosecutor argued that "the bodies were buried at La Primavera Park, there was concern somehow that Zuno-Arce might be implicated." The prosecutor also mentioned that "the bodies ... had to be taken [out] of La Primavera Park because it would cause trouble for Zuno-Arce."
 
 
 9
 The jury found Zuno-Arce guilty of committing violent crimes in aid of a racketeering enterprise, conspiracy to kidnap a federal agent, and kidnap of a federal agent.
 
 
 10
 Before sentencing, Zuno-Arce moved for a new trial. The district judge, after ordering briefing and hearings on the issue, determined that in light of the government's closing argument, the failure to admit Exhibit CC was prejudicial error that warranted a new trial. The judge found that Zuno-Arce could have used Exhibit CC to rebut the government's suggestion that the victims' bodies had been buried on land owned by Zuno-Arce. The government appeals the order for a new trial.
 
 II. JURISDICTION AND STANDARD OF REVIEW
 
 11
 The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review an appeal by the United States of an order granting a new trial pursuant to 18 U.S.C. § 3731.
 
 
 12
 We review a district court's order granting a motion for a new trial for a defendant in a criminal case for an abuse of discretion. See United States v. Shaffer, 789 F.2d 682, 687 (9th Cir.1986).
 
 III. ANALYSIS
 
 13
 The sequence of testimony and argument concerning La Primavera Park is confusing and it is difficult to determine with certainty the importance of the proposed defense exhibit. After presiding over the ten-week trial, however, the district judge concluded after an obviously careful review--assisted by extensive briefing and argument--that the proposed defense exhibit might have been helpful to rebut any suggestion that Zuno-Arce owned or controlled the land where the bodies were buried originally.
 
 
 14
 During closing argument, the prosecutor did use the testimony of Cervantes to suggest that someone believed that Zuno-Arce had some incriminating connection to the park. We do not conclude, nor do we need to conclude, that the prosecutor actively misled the judge as to his plans for closing argument.
 
 
 15
 We simply find that the district judge did not abuse his discretion in concluding--taking into account the testimony and closing argument--that the disputed exhibit would have been useful as rebuttal evidence and that its exclusion prejudiced Zuno-Arce to the point of meriting a new trial.
 
 
 16
 In Shaffer, this court affirmed a district judge's order for a new trial where the district judge concluded that the government's failure to disclose impeachment evidence warranted a new trial. The decision in that case, like the district judge's decision in this case, turned on a careful evaluation of evidence offered at trial. We noted:
 
 
 17
 Affirmance of the district court's conclusion on this matter is all the more appropriate where, as in this case, the district court judge's conclusion was based both on his observations at trial and on his review of the evidence offered in support of the new trial motion. As the Second Circuit has held: "[W]e find it important to give deference to the conclusions of the trial judge whose presence at the proceedings gives him a far better vantage than our own for this determination."
 
 
 18
 Shaffer, 789 F.2d at 689 (quoting United States v. Bermudez, 526 F.2d 89, 101 (2d Cir.1975), cert. denied, 425 U.S. 970 (1976)). The decision of the trial judge in this case rested in large part on his evaluation of the importance of various pieces of evidence offered during the ten-week trial. We grant substantial deference to the judge's conclusions drawn from that experience.
 
 
 19
 We will address briefly the government's alternative arguments. First, the government claims that a new trial is not warranted because the exhibit would be improper evidence to rebut Cervantes because Cervantes himself did not assert that Zuno-Arce was connected to the park; rather he was reporting the assertions of another. This argument is answered by Rule 806 of the Federal Rules of Evidence, which provides in pertinent part that "the credibility of [a hearsay] declarant may be attacked ... by any evidence which would be admissible for those purposes if declarant had testified as a witness."
 
 
 20
 Next, the government contends that the exhibit could not have been admitted because it is hearsay. Zuno-Arce counters that the exhibit is admissible hearsay as a "public record" under Federal Rule of Evidence 803(8).
 
 
 21
 That rule provides in pertinent part that a record is not excluded by the hearsay rule if it sets forth "matters observed pursuant to duty imposed by law as to which matters there was a duty to report." Fed.R.Evid. 803(8)(B). The map clearly is a routine map showing park boundaries. It seems self-evident that a park agency would be responsible for issuing maps of its parks.
 
 
 22
 Also, the map was prepared in 1980 apparently for general use, so there should not be any concern that the map was made with an adversarial purpose in mind or that its preparers had a stake in the outcome of this case. Cf. United States v. Loera, 923 F.2d 725, 730 (9th Cir.) (admissibility of public record supported by circumstances showing that preparer had no motivation to falsify record), cert. denied, 112 S.Ct. 164 (1991).
 
 
 23
 The government also contends that the map was not admissible to show land ownership because there was no showing that the map accurately showed property rights. This is too narrow a view of the purpose for which the exhibit was offered. First, Zuno-Arce offered the exhibit to show that La Primavera Park is a public national park. The map supports that contention. From that fact, the jury could infer that it would be less likely that Zuno-Arce's purported co-conspirators would be concerned about the discovery of bodies on that land implicating Zuno-Arce if the land were shown to be within the boundaries of a public park presumably accessible to the public.
 
 
 24
 Finally, the government contends that the exclusion did not prejudice Zuno-Arce. For the reasons stated above, we defer to the district judge's conclusion that the exclusion of this evidence was prejudicial to Zuno-Arce in light of all the evidence and argument presented at the ten-week trial.
 
 
 25
 Because the district judge did not abuse his discretion in ordering a new trial, the order is affirmed.
 
 
 26
 AFFIRMED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3